## (October 13, 1964)

■ In the Matter of the Arbitration between LONG ISLAND LUMBER CO., INC., Respondent, and HARRY C. MARTIN, as President of Demolition, Debris Haulers, Used Materials and Scrap Metal Chauffeurs, Helpers and Loaders, Local Union No. 824, Affiliated with the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, et al., Appellants.

Order, entered on March 19, 1964, denying arbitration affirmed, with $30 costs and disbursements to the petitioner-respondent. The order appealed from stays an arbitration in a labor dispute. The ground of Special Term's decision was that the contract provided for preliminary adjustment procedures as a condition precedent to arbitration. Those procedures were not had and respondent never demanded them. It is respondent's position that the failure to carry out these preliminaries is a matter to be considered by the arbitrators. Ordinarily, compliance with such procedures is a condition precedent and

the existence of the condition and its performance are for the court (*Matter of Board of Educ.* [*Heckler Elec. Co.*], 7 N Y 2d 476). An exception is presented where the failure to comply with the procedures is either the matter in dispute or so closely connected with that matter that it can fairly be considered a part of it (*Matter of First Republic Bldg. Corp.* [*Gildenhorn*], 20 A D 2d 256). We agree with Special Term that the facts presented here do not bring the application within the exception. Nor do we · read *Wiley & Sons* v. *Livingston* (376 U. S. 543) as enunciating any different rule.

EAGER, J. (dissenting). The petitioner, as an employer, and the respondent local union are parties to a collective bargaining agreement. The union claims that one Louis Bostic was an employee of the petitioner and as such was covered by the collective bargaining agreement. The petitioner claims that said Bostic was never employed by it but was in fact employed by another person. The union, claiming violation of certain provisions of the collective bargaining agreement, served a request for arbitration before the Arbitration Authority for the Trucking Industry of the City of New York of the complaint that the "Employer [petitioner] has not paid employee Louis Bostic the wages set forth in the Collective Bargaining Agreement. The Employer has refused to make available payroll records concerning the above matter."

Section 26 of the collective bargaining agreement between the petitioner and the union provides that: "If the Union and the Employer or his designated representative fail to come to an agreement", "all grievances" and "all disputes with respect to the interpretation of this agreement" should be "dealt with" as follows, to wit, "then the matter in controversy shall be referred to a committee of Arbitration, which shall consist of one person selected by the Employer, and one person selected by the Union, who shall proceed to arbitrate the matter within three (3) days after the dispute arises. If such committee is unable to agree on a decision of the dispute or controversy within five (5) days after the submission thereof, then such dispute shall be submitted for arbitration before the Arbitration Authority for the Trucking Industry of the City of New York, whose decision shall be final and binding upon the parties."

Concededly, the parties were in dispute; and they did "fail to come to an agreement". From that point on, to bring the dispute between the parties to arbitration was a matter of compliance with the "procedural requisites" (see *Wiley & Sons* v. *Livingston*, 376 U. S. 543) laid down by the agreement.

The petitioner (employer) alleges, by the affidavit of its secretary, that the union "has failed to comply with the procedural steps provided for in Section 26 of the Agreement" in that "the Union has not contacted Petitioner with reference to convening a committee of arbitration as provided for in Section 26"; and the petitioner claims that such "procedural steps" are a condition precedent to the arbitration requested. On the other hand, the union alleges that, "At the meeting on November 13, 1963, Petitioner was represented by Mrs. Rosen [secretary of petitioner], and the Union was represented by Mr. Martin. Bostic and I were also present. Mrs. Rosen and Mr. Martin as representatives of the parties involved in the dispute, were unable to arrive at a decision during the meeting. Mrs. Rosen then promised to report back to the Union within one week to give further information in support of Petitioner's position. * * * no such report has been received." The union further alleges that the representatives of the parties "were unable to reach a decision" during the meeting. It appears that they never did reach a decision and, on December 4, 1963, the union served the request for arbitration. This service was more than five days after the meeting of the representatives of the parties.

Questions now in dispute relate to the interpretation and application of those provisions of the contract between the parties providing preliminarily for the reference of the dispute "to a committee of Arbitration, which shall consist of one person selected by the Employer, and one person selected by the Union"; and whether or not the meeting held on November 13, 1963, attended by the secretary of the petitioner, was in compliance with such provisions.

Under the circumstances here, the court may not determine the question of whether there has been compliance with the prescribed procedural requisites without encroaching upon the arbitrators' authority to interpret, apply and enforce the provisions of the agreement. The questions "concerning the procedural prerequisites to arbitration [did] not arise in a vacuum; they [were] develop[ed] in the context of an actual dispute about the rights of the parties to the contract or those covered by it." Therefore, "it best accords with the usual purposes of an arbitration clause and with the policy behind federal labor law to regard procedural disagreements [such as are involved here] not as separate disputes but as aspects of the dispute which called the grievance procedures into play." (See *Wiley & Sons* v. *Livingston, supra,* pp. 556, 557, 559.)

*Matter of Board of Educ.* (*Heckler Elec. Co.*) (7 N Y 2d 476), cited by Special Term, is clearly distinguishable. As pointed out by this court in *Matter of First Republic Bldg.* (*Gildenhorn*) (20 A D 2d 256, 259), the *Heckler* case involved a condition which was a "procedural obligation imposed by statute" and thus called into play "strong policy considerations" for determination of the question of arbitrability. Here, however, as pointed out in *Wiley & Sons* v. *Livingston* (*supra,* p. 559), "it best accords * * * with the policy" in labor matters that the questions of procedural arbitrability be determined by the arbitrator.

The issue of an alleged failure to comply with a condition precedent to the right to arbitration is not present here. (Cf. *Matter of Exercycle Corp.* [*Maratta*], 9 N Y 2d 329, 335.) Rather, the alleged noncompliance with the provisions of the agreement relate solely to whether or not there was an adherence to the grievance or arbitration procedure itself as outlined in the collective bargaining agreement. In fact, the affidavit of the secretary of the petitioner expressly states that the alleged noncompliance by the union consists of failure to comply with "procedural steps". Thus, the questions here are "'procedural' questions which grow out of the dispute and bear on its final disposition" and they "should be left to the arbitrator". (*Wiley & Sons* v. *Livingston, supra,* p. 557.) These questions of "procedural arbitrability" are to be resolved by the arbitrators. (See, further, opinion of MEDINA, J., in *Matter of Livingston* v. *Wiley & Sons,* 313 F. 2d 52.)

In light of the foregoing, the order of Special Term staying the arbitration requested by the union should be reversed and the petitioner's motion to restrain the union from proceeding to arbitration should be denied.

Breitel, J. P., McNally and Steuer, JJ., concur in decision; Eager, J., dissents in opinion in which Valente, J., concurs.

Order, entered on March 19, 1964, denying arbitration affirmed, with $30 costs and disbursements to the petitioner-respondent.